**15 CV 3710**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLANCA FERNANDEZ and GLORIA MARCA, individually and on behalf of all others similarly-situated

Docket No.

**JUDGE GARDEPHE**

Plaintiffs,

**COMPLAINT**

v.

NAILSWAY INC.; NAULO NAILS, INC.; NAILSMETIC CORPORATION; NAILSCURE INC.; SURYA GURUNG, TSERING ANGMO,

**JURY TRIAL DEMANDED**



Defendants.

Plaintiffs Blanca Fernandez and Gloria Marca (collectively, "Plaintiffs"), by and through their attorneys at the Filosa Law Firm, PLLC, as and for their Complaint in this action against Defendants Nailsway, Inc. ("Nailsway"), Naulo Nails, Inc. ("Naulo"), Nailsmetic Corporation ("Nailsmetic"), Nailscure, Inc. ("Nailscure"), (Nailsway, Naulo, Nailsmetic and Nailscure are collectively referred to herein as the "Nail Salons"), Surya Gurung ("Gurung"), and Tsering Angmo ("Angmo") (all Defendants are collectively referred to herein as "Defendants") alleges upon personal knowledge and upon information and belief as to other matters as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Plaintiffs on their own behalf and on behalf of the proposed classes identified below against Defendants who are owners and operators of four nail salons in New York City. Plaintiffs and the members of the proposed classes were or are employed by Defendants as hourly and/or daily rate employees in the Nail Salons and were denied payment of (i) minimum wage and overtime compensation for all hours worked as

1

required by federal and state wage payment laws, (ii) "spread of hours" pay required by state laws. Plaintiffs and the members of the proposed classes are similarly situated under both the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.  Plaintiffs seek to represent a class (hereinafter referred to as the "FLSA Class") made up of all persons who are or have been employed by Defendants as employees in the Nail Salons (*i.e.*, manicurists, technicians, estheticians, masseuses, beautician, etc.) who were paid an hourly or flat daily rate to work at the Nail Salons within three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Class Period") and who were subject to Defendants' unlawful payroll practices. Plaintiffs seeks relief for the FLSA Class under the FLSA to remedy Defendants' failure to pay a minimum wage, overtime compensation and other wages due for the FLSA Class Period, in addition to liquidated damages and injunctive relief. As outlined below, Defendants deprived Plaintiffs and the FLSA Class members of overtime premiums and wages for all hours worked as part of a common policy or plan to circumvent federal minimum wage and overtime compensation laws.

3.  Plaintiffs also seek to represent a class (hereinafter referred to as the "New York Class") made up of all persons who are or have been employed by Defendants as hourly employees in the Nail Salons (*i.e.*, manicurists, technicians, estheticians, masseuses, beautician, etc.) who were paid an hourly rate or a flat daily rate to work at the Nail Salons within six years prior to this action's filing date through the date of the final disposition of this action (the "New York Class Period") and who were subject to Defendants' unlawful payroll practices. Plaintiffs seek relief for the New York Class under the New York Labor Law ("NYLL") to remedy Defendants' failure to pay a minimum wage, overtime compensation, spread of hours

compensation, and other wages due for the New York Class Period, in addition to liquidated damages and injunctive relief.

4. During the FLSA Class Period and the New York Class Periods, Defendants unlawfully failed to: (i) pay all hourly and flat daily rate workers the applicable minimum wage rate because the hourly or flat daily rate paid by Defendants to the members of the FLSA Class and the New York Class resulted in an hourly rate less than the applicable minimum wage; (ii) pay all hourly rate and flat daily rate workers correct overtime compensation in that the hourly rate or flat daily rate paid by Defendants to the members of the FLSA Class and the New York Class did not compensate these employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek; and/or (iii) pay "spread of hours" pay required by the NYLL. Plaintiffs seek relief on behalf of the New York Class pursuant to the applicable provisions of the NYLL, and on behalf of the FLSA Class pursuant to the FLSA, to remedy the Defendants' failure to pay all wages due and in addition to injunctive relief.

5. This action also seeks declaratory, injunctive, and equitable relief to address Defendants' violations of the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiff's claims occurred in this District.

## THE PARTIES

9.  Plaintiff Blanca Fernandez resides in Queens County, New York. Plaintiff Fernandez was employed by Defendants Nailsway and Naulo from around May 2007 through November 2014, as a manicurist and/or nail technician. From around May 2007 through March 2013, Plaintiff Fernandez worked for Defendants out of the Naulo location. In March 2013, Defendants assigned Plaintiff Fernandez to work out of the newly opened Nailsway location. Plaintiffs' employment continued through November 2014. At all relevant times herein, Plaintiff Fernandez met the definition of an "employee" under all relevant statutes.

10. Plaintiff Gloria Marca resides in Queens County, New York. Plaintiff Marca was employed by Defendants Nailsway from around February 2014 through November 2014, as a manicurist and/or nail technician. At all relevant times herein, Plaintiff Marca met the definition of an "employee" under all relevant statutes.

11. Defendant Nailsway Inc. is a New York corporation organized and existing under the laws of the State of New York with its principal place of business located at 1376 First Avenue, New York, NY 10021. At all relevant times, Nailsway was an "employer" within the meaning of the FLSA and NYLL.

12. Defendant Naulo Nails, Inc. is a New York corporation organized and existing under the laws of the State of New York with its principal place of business located at 1464 First Avenue, New York, NY 10075. At all relevant times, Naulo was an "employer" within the meaning of the FLSA and NYLL.

4

13. Defendant Nailsmetic Corporation is a New York corporation organized and existing under the laws of the State of New York with its principal place of business located at 1292 First Avenue, New York, NY 10021. At all relevant times, Nailsmetic was an "employer" within the meaning of the FLSA and NYLL.

14. Defendant Nailscure, Inc. is a New York corporation organized and existing under the laws of the State of New York with its principal place of business located at 1701 First Avenue, New York, NY 10128. At all relevant times, Nailscure was an "employer" within the meaning of the FLSA and NYLL.

15. Defendant Surya Gurung is, upon information and belief, one of the owners of the Nail Salons. Defendant Gurung is listed as the Chief Executive Office of Nailsmetic and Nailscure on records maintained by the New York State Department of State. Upon information and belief, at all relevant times, Defendant Gurung exercised decision-making authority over the terms and conditions of Plaintiffs' and the members of the FLSA and New York Classes' employment, had the authority to direct and control these employees' work performance, and/or was responsible for making operational and managerial decisions at the Nail Salons, including those with respect to employees' hours worked, rates/methods of pay, and hiring/firing. As a result, Defendant Gurung is and was an "employer" for purposes of the FLSA and NYLL.

16. Defendant Tsering Angmo is, upon information and belief, one of the owners of the Nail Salons. Defendant Angmo is listed the Chief Executive Officer of Naulo Nails, Inc. on records maintained by the New York State Department of State. Upon information and belief, at all relevant times, Defendant Angmo exercised decision-making authority over the terms and conditions of Plaintiffs' and the members of the FLSA and New York Classes' employment, had the authority to direct and control these employees' work performance, and/or was responsible

for making operational and managerial decisions at the Naulo, including those with respect to employees' hours worked, rates/methods of pay, and hiring/firing. As a result, Defendant Angmo is and was an "employer" for purposes of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Class:** All persons who are or have been employed by Defendants in the Nail Salons as a manicurist, technician, esthetician, masseuse, beautician, or other similar job title, who were paid an hourly or flat daily rate within three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay the applicable minimum wage and (ii) failing to pay overtime compensation for all hours worked in excess of 40 hours per workweek.

18. Defendants employed Plaintiffs and the member of the FLSA Class during the FLSA Class Period.

19. During the FLSA Class Period, upon information and belief, Defendants employed more than 40 employees who fall within the FLSA Class.

20. Defendants meet the definition of an "employer" under the FLSA. By way of example only, Defendants control how much the FLSA Class members are paid, maintain all time records for the FLSA Class members, assigned and supervised all of the tasks given to the FLSA Class members, and maintained and exercised control as to how the FLSA Class members were to perform their tasks.

21. Each of the FLSA Class members are "employees" entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

22. During the FLSA Class Period, Defendants paid Plaintiffs and the members of FLSA Class less than the statutory minimum wage.

6

23. Defendants also failed to pay Plaintiffs and the FLSA Class members any overtime premiums when they worked in excess of 40 hours in a given workweek.

24. Instead, Defendants paid Plaintiffs and the members of the FLSA Class an hourly rate or daily rate for each day that they worked. For employees paid a daily rate, Defendants did not pay any compensation to the members of the proposed FLSA Class for any hours worked in excess of 40 hours in a given workweek.

25. In addition to the foregoing, Defendants otherwise failed to properly compensate Plaintiffs and the members of the FLSA Class in accordance with the provisions of the FLSA and the U.S. Department of Labor regulations.

26. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the members of the FLSA Class.

27. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the members of the FLSA Class, and as such, notice should be sent to the FLSA Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants in the Nail Salons as a manicurist, technician, esthetician, masseuse, beautician, or other similar job title, who were paid an hourly or flat daily rate within six (6) years prior to this action's filing date through the date of the final disposition of this action and who

7

were subject to Defendants' unlawful practice of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation for all hours worked in excess of 40 hours per workweek, (iii) failing to pay "spread of hours" pay, and/or (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

29. At all times during the New York Class Period, Defendants, as a matter of policy, (i) did not pay Plaintiffs or the New York Class members minimum wage or overtime premium pay for all hours worked in excess of 40 hours per workweek, (ii) did not pay Plaintiffs and the members of the New York Class "spread of hours" pay as required by the NYLL, and (iii) failed to furnish wage statements required by the NYLL.

30. The facts as alleged in Paragraphs 17-27 with respect to the FLSA Class are similarly true for the New York Class during the New York Class Period.

31. Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class a statement an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

32. Defendants also failed to notify Plaintiffs and the New York Class members of the tip credit, as required by 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2. Thus, if Defendants were to try to claim a tip credit, Defendants cannot do so.

33. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants employed over 40 persons who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

34. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class. During the New York Class Period Defendants' employees that were paid an hourly or flat daily rate were subject to the aforementioned unlawful policies during the New York

8

Class Period. Plaintiffs and the members of the New York Class were subject to Defendants' policy and practice of unlawfully depriving class members of minimum wage and/or overtime premium compensation for all hours worked in excess of 40 hours per workweek and failing to pay "spread of hours" pay. Plaintiffs had the same or similar duties and responsibilities as other New York Class members.

35. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class, and has retained counsel experienced in FLSA and NYLL class and collective action litigation.

37. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

    c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    d. Whether Defendants unlawfully failed to pay "spread of hours" compensation to members of the NYLL Class in violation of the NYLL;

    e. Whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

    f.   Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

    g.   What the proper measure of damages sustained by the New York Class are; and

    h.   Whether Defendants' actions were "willful."

38. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

39. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## FACTUAL ALLEGATIONS

**The Nails Salons Constitute a Single Enterprises and/or Joint Employers**

41.     At all relevant time, the Nail Salons operated as a single, integrated enterprise that jointly employed Plaintiffs and the members of the FLSA Class and New York Class.

42.     All of the Nail Salons are located within a span of eighteen blocks on First Avenue in Manhattan's Upper East Side.

43.     The operations of the Nail Salons are interrelated and unified. Indeed, as alleged below, Plaintiff Fernandez seamlessly transitioned from Naulo to Nailsway in March 2013 without any change in the terms and conditions of her employment.

44.     Upon information and belief, Defendant Gurung owns both the Nail Salons along with his sister "Sandy."

45.     Upon information and belief, during all relevant times, the Nail Salons shared common management and were centrally controlled and/or owned by Defendant Gurung and Defendant Angmo and Defendant Gurung's sister Sandy.

46.     Upon information and belief, during all relevant times, Defendants Gurung and Defendant Angmo had control over, and the power to change compensation practices and employee policies at the Nail Salons, including those polices that (i) failed to pay Plaintiffs and the members of the FLSA Class and New York Class the applicable minimum wage, (ii) failed to pay Plaintiffs and the members of the FLSA Class and New York Class overtime compensation for hours worked in excess of forty hours in a given week, (iii) failed to pay "spread of hours" pay required by the NYLL.

**Plaintiff Fernandez's Employment with Naulo & Nailsway**

47.     Plaintiff Fernandez is a former employee of Naulo and Nailsway.

11

48. From around May 2007 through March 2013, Plaintiff Fernandez worked for Defendants out of the Naulo location.

49. In March 2013, Defendants assigned Plaintiff Fernandez to work out of the newly opened Nailsway location.

50. Plaintiff Fernandez's employment continued through November 2014.

51. During the course of her employment, Defendants paid Plaintiff Fernandez a flat rate of $60 for each day that she worked for Defendants.

52. Plaintiff Fernandez was paid in cash, at the end of each workweek.

53. Defendants did not provide Plaintiff Fernandez with a wage statement of any kind.

54. During the course of her employment with Defendants, Plaintiff Fernandez typically worked 4 days per week, Wednesday through Saturday.

55. Plaintiff Fernandez typically worked from 9:30 a.m. to approximately 8:00 p.m., for a total of 10.5 hours. When Plaintiff Fernandez worked four days per week, she worked a total of 42 hours.

56. Defendants did not provide Plaintiff Fernandez with a meal breaks as required by the NYLL. When Plaintiff Fernandez did take a break from work to eat a meal, she was not provided with the statutorily-required 30 minutes, but was instead required to rush through her meal in order to return to work.

57. Approximately one week per month, Plaintiff worked an additional fifth day, for a total of 52.5 hours.

**Plaintiff Marca's Employment with Nailsway**

58. Plaintiff Marca is a former employee of Nailsway.

59. Plaintiff Marca was employed by Defendants as a manicurist and/or nail technician from February 2014 through November 2014.

60. During the course of her employment, Defendants paid Plaintiff Marca a flat rate of $55 for each day that she worked for Defendants.

61. Plaintiff Marca was paid in cash, at the end of each workweek.

62. Defendants did not provide Marca Fernandez with a wage statement of any kind.

63. During the course of her employment, Plaintiff Marca typically worked three days per week: Sunday, Monday, and Tuesday.

64. On Sundays and Mondays, Plaintiff Marca typically worked from 9:30 a.m. to 8:00 p.m., a total of 10.5 hours

65. On Tuesdays, Plaintiff Marca typically worked from 10:30 a.m. to 9:00 p.m., a total of 10.5 hours.

66. Approximately twice per month, Plaintiff Marca would also work on Wednesday.

67. When Plaintiff Marca worked three days in a week, her total hours were approximately 34.5 hours; when she worked four days in a week, her total hours were 42.

68. Defendants did not provide Plaintiff Marca with a meal break as required by the NYLL. When Plaintiff Marca did take a break from work to eat a meal, she was not provided with the statutorily-required 30 minutes.

**Allegations Common to Both Plaintiffs**

69. While Plaintiffs and the members of the FLSA Class and New York Class also received gratuities from customers, Defendants never informed Plaintiffs that they were claiming a tip credit and certainly never informed these employees that they were applying these gratuities to take a credit against the applicable minimum wage or overtime compensation.

70. Defendants did not record the amount of tips received by Plaintiffs and the members of the FLSA Class and New York Class on weekly basis as a separate item in the wage record as required by 12 N.Y.C.R.R. § 142-2.5(b).

71. During the course of their employment, Plaintiffs and the members of the FLSA Class and New York Class were required to purchase and/or maintain their own tools (i.e., nail cutter, file, buffer, nipper, etc.) and safety equipment in violation of the FLSA (29 C.F.R. §§ 531.32(c), 531.35), NYLL, and the Occupational Safety & Health Act ("OSHA").

72. Defendants never provided Plaintiffs and the members of the New York Class with a wage statement of any kind, let alone wage statements that accurately listed their hourly rate of pay, their overtime rate of pay, or the basis for computing their regular and overtime rates of pay, as required by the NYLL.

73. Defendants did not pay Plaintiffs and the members of the New York Class spread-of-hours pay for shifts where she worked in excess of 10 hours in a given work day.

74. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the members of the FLSA Class and New York Class.

## FIRST CAUSE OF ACTION
(FLSA: Unpaid Minimum Wage)

75. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

76. As outlined above, during the relevant time period, Defendants' practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiffs and the members of the FLSA Class.

77. Accordingly, Plaintiffs and the members of the FLSA Class are entitled to the difference between the FLSA minimum wage and the paid cash wages for each hour worked as damages for Defendants' violations of the FLSA's minimum wage provisions.

78. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

79. Plaintiffs and the members of the FLSA Class seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

80. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

81. During the relevant time period, Plaintiffs and the members of the FLSA Class worked in excess of forty hours per workweek and, because of Defendants' above-outlined violations of the FLSA, was not paid appropriate overtime compensation.

82. Despite the hours worked by Plaintiffs and the members of the FLSA Class, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Class appropriate overtime compensation.

83. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

84. Plaintiffs and the members of the FLSA Class seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (NYLL: Unpaid Minimum Wage)

85. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

86. As outlined above, Defendants' practices violated the provisions of the NYLL regarding payment of a minimum wage to Plaintiffs and the members of the New York Class.

87. As a result, Defendants failed to pay Plaintiffs and the members of the New York Class a minimum wage as required by the NYLL.

88. Accordingly, Plaintiffs and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the paid cash wages for each hour worked as damages for Defendants' violations of the NYLL's minimum wage provisions.

89. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

90. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

### FOURTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

91. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

92. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of forty hours per workweek and, because of Defendants' above-outlined violations of the NYLL, was not paid appropriate overtime compensation.

93. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

94. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

95. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

### FIFTH CAUSE OF ACTION
### (NYLL: Spread of Hours)

96. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

97. Consistent with their policy and pattern or practice, Defendants failed to pay Plaintiffs and the members of the New York Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

98. By Defendants' failure to pay Plaintiffs and the members of the New York Class spread-of-hours pay, Defendants have willfully violated the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 NYCRR. §§ 137-1.7, 137-3.10.

99. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the New York Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated and/or punitive damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

100. Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

101. Defendants failed to furnish Plaintiffs and the members of the New York Class with wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

102. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class in the amount of $250 for each violation.

103. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants liquidated and/or punitive damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Class and New York Class, pray for the following relief:

A. That the Court finds Defendants to have violated the provisions of the New York Labor Law as to Plaintiffs and the members of the New York Class;

B. That the Court finds Defendants to have violated the Fair Labor Standards Act as to Plaintiffs and the members of the FLSA Class;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

E. That the Court determine that Defendants' violations were willful;

F. An award to Plaintiffs and the members of the FLSA Class and New York Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

G. An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

H. An award of liquidated damages pursuant to the NYLL;

I. That Court find that Defendants must cease and desist from unlawful activities in violation of the FLSA and NYLL;

J. An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

K. Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: May 14, 2015

                          FILOSA LAW FIRM, PLLC

By: _____
      Gregory N. Filosa (GF-5680)

111 John Street, Suite 2510
New York, NY  10038
Tel.:   (212) 256-1780
Fax.:  (212) 256-1781
gfilosa@filosalaw.com

COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASSES